The court now calls our last case of the morning, 120544, People of the State of Illinois ex rel. James W. Glasgow v. the Honorable David M. Carlson. Are you ready to proceed? You understand you're limited to 15 minutes. May it please the court, my name is Evan Ellsner. I'm the Assistant Attorney General representing the People of the State of Illinois in this matter. This case hinges on a straightforward issue of statutory interpretation and specifically whether the Illinois DUI statute makes, the plain language of the Illinois DUI statute makes a third DUI violation a Class II felony. In this case the circuit court read into the Illinois DUI statute an ambiguity and on that basis determined that defendant's third DUI violation was in fact a Class IV felony. And the implications of that decision are particularly significant given the defendant's criminal history. Had defendant been appropriately sentenced to, or convicted of a Class II felony, the defendant would have been eligible for Class X sentencing and would, circuit court would have been obligated to sentence him to a mandatory term of imprisonment of at least six years. Instead, by finding that the defendant's third DUI was a Class IV felony, the circuit court sentenced the defendant to a term of 30 months of probation, which was actually prohibited by the Class X sentencing statute. Additionally, the interpretation of the DUI statute that the circuit court made had significant impact because it rendered several provisions of the DUI statute meaningless. Specifically, subsection D2B of the statute, but also several other subsections that function in a similar way. Subsections D2C, D, and E were all rendered meaningless by the circuit court's interpretation. There are a number of issues that are not in dispute in this case. There's no dispute that defendant was convicted of violating the DUI statute. He operated a motor vehicle in violation of subsection A2. There's no dispute that this was defendant's third DUI violation. He had a 1994 DUI in Georgia, and he had a 2014 DUI in Illinois. There's no dispute that defendant's third violation of the DUI statute was an aggravated DUI. The circuit court made clear that it was finding defendant guilty of an aggravated DUI. And there's, in fact, no dispute that defendant was found to have violated subsection D2B of the statute. It says so right in the probation order that the circuit court filled out. And there's no dispute that subsection D2B makes a third violation of the DUI statute, a third DUI violation of Class II felony. And finally, there's no dispute that if the circuit court had sentenced defendant, or convicted defendant, rather, to a Class II felony, defendant's criminal history, which included a 1980 Class II felony, a 1981 Class X felony, and a 1989 Class II felony, would have made defendant eligible for Class X sentencing, and that the Class X sentencing statute would have mandated a term of imprisonment of at least six years. So the only question that's at issue here is whether the plain language of the DUI statute makes a third DUI violation a Class II felony. Do you agree there's two interpretations of the statute? No. The plain language of the statute is quite clear, and there's only one interpretation, which is that an aggravated DUI predicated on a third DUI violation is a Class II felony. The circuit court in this case seemed to take issue with a perceived inconsistency in the statute, namely that a third DUI violation was at some point in the statute defined as a Class IV felony, and at another point defined in the statute as a Class II felony. Is it? No. That's not the case at all. In fact, the way the DUI statute works is quite straightforward and simple. Subsection D1 delineates 12 scenarios, 12 types of conduct that are defined as aggravated DUIs. Subsection D1a specifically states that a third or subsequent DUI is an aggravated DUI. It doesn't state at any point in D1a what type of felony classification an aggravated DUI of that nature gets. Subsection D2 goes on to prescribe specific felony classifications for the various forms of aggravated DUI. So that's subsection D2a through J. Subsection D2a establishes a baseline that says that, except as otherwise provided, an aggravated DUI is a Class IV felony. But that qualifying language, except as otherwise provided, is crucial here, because subsections D2b through J provide a clause. And specifically in this case, subsection D2b states that a third DUI violation is a Class II felony. So there's no point, at no point in the statute is a third DUI considered to be a Class IV, is a third DUI violation considered a Class IV felony. The only time that it's mentioned is in subsection D2b in which it states that it's a Class II felony. So a Class IV would apply to every other type of aggravated DUI? A Class IV felony will apply to any type of aggravated DUI that wasn't specifically singled out by the General Assembly in subsections D2b through J. So, for example, if you look to those various subsections, you'll see that under subsection D2g, for example, a violation of subsection D1f is a Class II felony. Under subsection D2i, a violation of subsection D1k is a Class II felony. But on the other hand, certain aggravated DUIs as defined in subsection D1 are not singled out for elevated felony classification in subsections D2b through J. And so those would fall under the umbrella of the baseline Class IV felony classification under subsection D2a. So an example would be a DUI while driving a school bus with a passenger of passengers on board. It's not singled out for elevated classification, and therefore it falls under the baseline Class IV. In this case, a third, fourth, fifth, sixth, or subsequent DUI are all defined as aggravated DUIs, and they're all singled out for elevated forms of elevated classification. Subsection D1a defines all of those types of aggravated DUI as all of those repeated offenses as aggravated DUIs. It says that a third or subsequent DUI is an aggravated DUI. And then subsections D2b through E then elevate those repeated offenses to different levels of classification. D2b elevates a third DUI violation to a Class II felony. D2c, a fourth violation to a Class II felony. D2d, a fifth violation to a Class I felony. And D2e, a sixth or subsequent violation to a Class X felony. So there is no trial judge had no discretion, is that correct? Other than what the sentence would be within the Class X category. That's correct, and that's why we're seeking mandamus relief in this case. There's no ambiguity in the statute that the third DUI violation is a Class II felony. And based off of that particular finding, the circuit court had no discretion. It was obligated based on defendants' other criminal history, which, as I mentioned, included a Class X felony and two Class II felonies. It was obligated to sentence the defendant to a Class X sentencing. Counsel, speaking of obligations, at the time of this hearing, there was an appellate court case that had interpreted the statute in the manner that you've described. Is that right? That's correct. There were several. There were several cases. Did the trial court have the authority not to follow those cases? I don't believe so, and the trial court, as far as I understood, it was simply disagreeing with that case. And I believe it referred specifically to the Mischke case and found that the way that the appellate court in that case parsed out the language was kind of very specific, and it found that the issue that was raised by the defendant in that case wasn't necessarily the issue that was being raised in this case. But ultimately, the important thing to note about all of the cases that we've cited, including the Mischke case, the Hallowoods case, and the Morris case, is that they're all interpreting the statute and applying it in the exact way that we're asking for it to be applied today. The Mischke case, at least, came out of the second district, and this case was in the third district, correct? Correct. Does that make a difference? No, it doesn't. It doesn't make a difference. The appellate court's decisions are binding on all of the circuit courts. And I would also note that this court, in 2012, in People X Road, Glasgow v. Kinney, also applied the statute in the exact way that we're asking for it to be applied today. In that case, the issue that was raised was different from the issues that we're discussing today. However, the court granted mandamus on a fourth DUI violation and directed the circuit court to sentence the defendant in that case to a Class II felony and granted mandamus under subsection B2C. If there are no further questions, we ask that the court grant or complete mandamus. Thank you, counsel. In case number 120544, People of the State of Illinois, X Road, James W. Glasgow v. The Honorable David Carlson, will be taken under advisement as agenda number eight. Thank you, Mr. Ellison, for your argument this morning and your excuse at this time. The court will be adjourned until 9 a.m. tomorrow morning.